IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnathan Phillip Shuler, | Case No.: 1:23-cv-509-JD-SVH |
| Plaintiff, | |
| vs. | |
| | **ORDER AND OPINION** |
| Major Clark Ard; Head Nurse Abigail Porter; Georgetown County Detention Center, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 28.) Plaintiff Johnathan Phillip Shuler ("Plaintiff" or "Shuler"), proceeding *pro se*, filed this action on February 6, 2022, against Defendants Major Clark Ard ("Ard"), Head Nurse Abigail Porter ("Porter"), and Georgetown County Detention Center ("GCDC") (collectively "Defendants"), alleging claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges his 8th amendment rights were violated when Defendants refused to address a "dental problem for months." (DE 1, p.4)

On January 16, 2024, Ard and GCDC filed a Motion to Dismiss (DE 18), and on January 18, 2024, Porter filed a Motion to Dismiss (DE 23). As Plaintiff is proceeding *pro se*, the Court entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and of the need for him to file adequate responses by February 20,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

2024. (DE 20, DE 25.) Plaintiff was specifically advised that if he failed to respond adequately, the motions may be granted. (*Id.*) Notwithstanding the specific warning and instructions set forth in the Court's *Roseboro* orders, Plaintiff has failed to respond.

On February 26, 2024, the Court ordered Plaintiff to advise whether he wished to continue with this case by March 11, 2024. (DE 27.) Plaintiff was further advised that if he failed to respond, the Magistrate Judge would recommend this case be dismissed for failure to prosecute. Plaintiff did not file any responses. As such, it appears to the Court that he does not oppose the motion and wishes to abandon this case.

The Report was issued on March 14, 2024, recommending the case be dismissed for failure to prosecute. Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 28) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed for failure to prosecute.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 25, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.